In re Kenneth R. SCHELSTEDER,
Debtor.

Marion James NOVARK, Plaintiff,

v.

Kenneth R. SCHELSTEDER, Defendant.

Bankruptcy No. 92–43600–H5–7.
Adv. No. 94–4161.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 15, 1995.

David T. Lopez, Houston, TX, for plaintiff.

Paul V. Lutz, Houston, TX, for defendant.

## MEMORANDUM OPINION

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court is the Complaint to Determine Dischargeability of Debt filed by Marion James Novark against Kenneth R. Schelsteder. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). This is a core proceeding.

Novark holds a judgment against debtor dated May 10, 1993, in a case styled *Marion James Novark v. Dick Moore, Ted R. Tiller, James R. Jones, Denise Campbell, Kenneth R. Schelsteder, and Preston Ray Van Shoubrouek,* case no. 86–36007, in the 151st Judicial District Court of Harris County, Texas. The judgment was entered in accordance with the jury verdict based either on a preponderance of the evidence or the more burdensome standard of clear and convincing evidence. The jury found:

1. From clear and convincing evidence that debtor maliciously prosecuted Novark;

2. From a preponderance of the evidence that debtor conspired to wrongfully or falsely accuse Novark of violating an individual's civil rights;

3. From a preponderance of the evidence that debtor intentionally inflicted emotional distress on Novark;

4. From a preponderance of the evidence that debtor acted with malice.

The jury was instructed, "A party acts with malice if he is actuated by wrongful motives in the institution and/or continuance of a prosecution. Wrongful motive, coupled with a wrongful act willfully done to the injury of another, constitutes legal malice." (Malice, Jury Question No. 6, Jury Charge, *Novark v. Moore, et al.,* Case No. 86–36007, in the 151st Judicial District Court of Harris County, Texas.)

The jury awarded compensatory and exemplary damages which were adopted in the judgment which provides for Novark to recover from debtor and others jointly and severally, the sum of $110,000.00 with prejudgment interest from October 8, 1993, in the amount of $175,159.27, and post-judgment interest on the total sum of $285,159.27 from April 20, 1993, until paid. The judgment further provides for Novark to recover punitive damages from debtor in the amount of $5,000.00 with post-judgment interest, plus costs of court in the amount of $3,916.19, and attorney fees in the amount of $151,104.00.

Debtor filed his chapter 7 bankruptcy on April 22, 1992. Although judgment was rendered subsequent to the filing of debtor's bankruptcy, it is undisputed that Novark's claim against debtor arose before the filing of debtor's bankruptcy; thus, Novark was a creditor of debtor at the time of filing. Debtor failed to list Novark as a creditor in his original schedules.

The Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates served on creditors on May 21, 1992, in this case provides, "AT THIS TIME THERE APPEAR TO BE NO ASSETS AVAILABLE FROM WHICH PAYMENT MAY BE MADE TO UNSECURED CREDITORS. DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO." The meeting of creditors was first set for June 15, 1992. The trustee of the case filed a no asset report on July 2, 1992, no claims docket was opened, debtor received his discharge on August 27, 1992, and the case was closed on August 27, 1992.

Debtor moved to reopen the case on September 9, 1993, to add Novark as a creditor. Novark filed an objection to the motion on September 29, 1993, and a hearing was held at which this Court allowed debtor to reopen the case and add Novark as a creditor. On February 22, 1994, Novark filed this complaint to determine the dischargeability of the debt. At a hearing on the complaint, Novark testified that he did not learn of the filing of debtor's bankruptcy until January 1, 1994.

Debtor urges that Novark should have filed his dischargeability complaint within 60 days of the reopening of the case and that his failure to do so renders his debt dischargeable.

Bankruptcy Code section 523(a)(3) provides:

(a) A discharge ... does not discharge an individual from any debt— ...

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit— ...

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...

The Court concludes that the debt at issue is one for willful and malicious injury by the debtor to another, and is non-dischargeable under 11 U.S.C. § 523(a)(6). There is no evidence that Novark knew of debtor's bankruptcy until at least September 1993, when he objected to the reopening of debtor's case. Since no notice for filing claims was served on creditors by the clerk's office, the time for filing claims never commenced to run. The time for filing a dischargeability case under 11 U.S.C. § 523(a)(2), (4), or (6), however, ran 60 days from the date first set for the meeting of creditors. *See* Fed.R.Bankr.P. Rule 4004. That time expired on August 14, 1992. Since the time for timely filing a dischargeability case expired prior to Novark's actual knowledge of the case or notice of the case, the debt is not discharged under 11 U.S.C. § 523(a)(3)(B).

The parties shall submit a final judgment in accordance with this memorandum opinion.